UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:17-CR-117 |
| | ) | |
| WILLIAM CURTIS MYERS | ) | |

## **MEMORANDUM AND ORDER**

Now before the Court is the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i), and for the appointment of counsel. [Doc. 60]. The United States has responded in opposition [docs. 63, 64], to which the defendant has not replied within the time allowed by this Court's Local Rules. For the reasons that follow, the motion will be denied.

### I. BACKGROUND

In May 2019, the Honorable Pamela L. Reeves sentenced the defendant to a 92-month term of imprisonment for possessing methamphetamine with the intent to distribute. The defendant is presently housed at FMC Lexington with a projected release date of December 18, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 13, 2021). He moves for compassionate release due to the COVID-19 pandemic, obesity, hyperlipidemia "and its concomitant [sic] of heart disease and hypertension," and his desire to help care for his mother.[1]

---

[1] The defendant also raises arguments pertaining to his conditions of confinement. Such claims might be cognizable, *see, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a). There is no evidence that this defendant has exhausted his administrative remedies on those claims,

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on her behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have previously turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons"

---

nor is he incarcerated in this judicial district.

that may warrant a sentence reduction but are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[2]

In *Jones*, the Sixth Circuit observed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." 980 F.3d at 1114. Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

### A. Exhaustion

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 63, Ex. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, obesity, hyperlipidemia "and its concomitant [sic] of heart disease and hypertension," and his desire to help care for his mother.

At the defendant's correctional institution, there is currently one staff member and zero inmates positive for COVID-19, with 579 inmates and 103 staff having recovered, and

---

[2] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

nine inmate deaths.  *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2021).  These numbers are historically significant, but the Court simultaneously notes that outside the prison setting our nation remains in grave crisis in terms of COVID diagnoses, variants, hospitalizations, and deaths.  Further, the COVID-19 pandemic cannot alone justify compassionate release.  *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, at the defendant's prison 340 staff and 1,001 inmates have now been fully vaccinated.  *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2021).  The defendant previously contracted COVID-19 and has since been fully vaccinated.  [Doc. 64].

Although the defendant submitted no documentation to support his claims, the United States has filed 133 pages of BOP medical records.  [*Id.*]  Those records confirm that in October 2020 the defendant's Body Mass Index ("BMI") was 41. [*Id.*].  Persons with a BMI of 40 or greater are severely obese.  *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 13, 2021).  Obesity "can" increase the likelihood of

4

severe illness from COVID-19. *See id.* The defendant also has a history of hepatitis C which, as of November 2019, was no longer detectable. [Doc. 64]. He has hyperlipidemia and has been counseled on the importance of exercise and weight loss. [*Id.*].

Despite these conditions, the medical records consistently describe him as "appear[ing] well," "feel[ing] good [with] no complaints," and "den[ying] any mobility problems." [*Id.*]. The record reveals no significant cardiac or respiratory issues. [*Id.*]. Even when infected with COVID-19, the defendant reported no significant complaints. [*Id.*]. He "remained symptom free." [*Id.*].

This case is materially similar to a recent ruling by the Sixth Circuit Court of Appeals. *See United States v. Lemons*, ___ F.4th ___, 2021 WL 4699249 (6th Cir. Oct. 8, 2021). As in the present case, the record in *Lemons* did not document "the severity of Lemon's condition and its associated risks." *Id.*, at *3. Additionally, Lemons had received at least his first COVID-19 vaccine. *Id.* On the facts before it, the Sixth Circuit concluded that "Lemons's access to the COVID-19 vaccine substantially undermines his request for a sentence reduction." *Id.*

In this case, there is simply no evidence that the defendant's medical conditions render him significantly vulnerable in the prison setting at this time. The Court's conclusion is not impacted by the defendant's desire to help his mother. The mother's medical needs are wholly unproven, and there is no proof that the defendant is her only available caregiver. Further, it is by no means unusual for this or any Court to sentence persons who leave behind vulnerable family members.

On the record before it, the Court does not find extraordinary and compelling reasons for compassionate release. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Because the defendant has not shown extraordinary and compelling grounds for compassionate release, his motion must be denied. *Id.*

### III. APPOINTMENT OF COUNSEL

As for the defendant's request for appointed counsel, there is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant. Moreover, pursuant to this Court's Standing Order SO-19-04, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who file a *pro se* § 3582(c)(1)(A) motion. FDSET has filed notice that, after a review of

this defendant's case, it does not intend to submit any pleadings. [Doc. 61].

## IV. CONCLUSION

As provided herein, the defendant's motion for compassionate release and for the appointment of counsel [doc. 60] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge